IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE D. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-07843-JAR |
| ) | |
| HIX CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Michelle D. Johnson brings this lawsuit against Defendant Hix Corporation alleging claims of sexual harassment, retaliation, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964.  This matter is before the Court on Defendant's Motion to Dismiss (Doc. 9).  Defendant argues that Plaintiff has not sufficiently alleged that Defendant was her employer as required to state plausible claims under Title VII.  Further, Defendant argues that Plaintiff has not satisfied the requirements of *Twombly*/*Iqbal* in setting forth her sexual harassment and sex discrimination claims.  Plaintiff argues that she has sufficiently alleged that Defendant was her employer for purposes of Title VII, and that she has satisfied the pleading requirements for each of her claims.  In the alternative, Plaintiff requests leave to amend her Complaint to cure any deficiencies (Doc. 11).  The matter is fully briefed and the Court is prepared to rule.  For the reasons stated below, the Court grants Defendant's motion, and dismisses Plaintiff's Complaint without prejudice to amend.

**I.     Factual Background**

Plaintiff Michelle Johnson was employed by Defendant Hix Corporation from approximately March 24, 2014 until her termination on April 29, 2014 at Defendant's

manufacturing facility in Pittsburg, Kansas.  Plaintiff worked as a janitor for Defendant and satisfactorily met the legitimate job expectations of her employer.  Throughout Plaintiff's employment, there were two other female employees working at Defendant's facility, one of whom worked in the plant where Plaintiff worked.  During her employment, Plaintiff's supervisor Arnold Marshall made several inappropriate comments.  First, Marshall made comments to Plaintiff about talking to other employees without clearing it with him first because she was a married woman.  Second, Marshall yelled at Plaintiff and told her not to talk to any male employees because all men have sexual thoughts in the back of their heads.  Finally, Plaintiff overheard Marshall tell another employee that the only reason other employees would want to talk to her was because they were "trying to sniff that."  Plaintiff told management about these comments and requested that the comments stop.  After Plaintiff complained of these comments, Defendant terminated her employment.

## II.     Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

possibility."[3] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *Id.*

[7] *Id.* at 679.

[8] *Id.*

[9] *Id.* at 678.

### III.     Discussion

#### A.     Joint Employer Status

Defendant argues that Plaintiff has failed to adequately allege that Defendant was her employer, as required to state a claim under Title VII.[10] To determine whether a defendant is an employer for purposes of Title VII, courts choose among three different tests: (1) the hybrid test; (2) the joint employer test; and (3) the single employer test.[11] Here, Plaintiff argues that Defendant was her employer under the joint employer test.[12]

Under the joint employer test, two entities are considered joint employers if they "share or co-determine those matters governing the essential terms and conditions of employment."[13] Courts consider several factors in making this determination, the most important of which is the right to terminate the employee.[14] Other factors include "the ability to 'promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; . . . day-to-day supervision of employees, including employee discipline; and . . . control of employee records, including payroll, insurance, taxes and the like.'"[15]

---

[10] *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225 (10th Cir. 2014) ("Title VII of the Civil Rights Act of 1964 makes it unlawful for an 'employer' to 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment' on account of sex.'") (quoting 42 U.S.C. § 2000e–2(a)(1)).

[11] *Id.* at 1225–26 (quoting *Bristol v. Bd. of Cnty. Comm'rs of Cnty. of Clear Creek*, 312 F.3d 1213, 1217–18 (10th Cir. 2002)).

[12] Doc. 11 at 4.

[13] *Bristol*, 312 F.3d at 1218 (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994)).

[14] *Knitter*, 758 F.3d at 1226.

[15] *Id.* (quoting *Butterbaugh v. Chertoff*, 479 F.Supp.2d 485, 491 (W.D. Pa. 2007)).

Here, Plaintiff alleges in her Complaint that "Defendant Hix controlled Plaintiff's work conditions and acted as an employer or joint employer with Manpower and otherwise interfered with Plaintiff's employment opportunities with Manpower such that Defendant Hix is an employer."[16] Plaintiff also states in her Complaint that "Defendant, through its management employees, took retaliatory action against Plaintiff by terminating her employment."[17] These allegations do not raise a right to relief against Defendant above the speculative level.[18] Plaintiff's statement that Defendant controlled her work conditions and acted as a joint employer with Manpower is conclusory. The statement merely recites the elements required to establish employer liability under Title VII, without providing any allegations as to how Defendant controlled Plaintiff's work conditions, who Manpower is, or what the relationship was between Manpower and Defendant.[19] Although Plaintiff states that Defendant terminated her employment, Plaintiff does not allege which "management employees" terminated her or allege that Defendant had the right to terminate her instead of Manpower. Thus, Plaintiff's Complaint does not state a plausible claim that Defendant was her employer for purposes of Title VII liability.

---

[16] Doc. 1, ¶ 6.

[17] *Id.* ¶ 22.

[18] *Twombly*, 550 U.S. at 555.

[19] Plaintiff describes in her response the relationship between Defendant and Manpower. Plaintiff states that Manpower is a temporary employment agency, and that Manpower placed Plaintiff at Defendant's facility. Because these statements are not contained within Plaintiff's complaint, the Court may not consider them as factual allegations for purposes of this ruling. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.") (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991)).

### B. Sexual Harassment Claim

Defendant also argues that Plaintiff has not presented a plausible sexual harassment claim. Under Title VII, sexual harassment is actionable as a hostile work environment claim when the conduct is sufficiently severe or pervasive such that a reasonable person would find the work environment to be hostile or abusive and the employee in fact perceived it to be so.[20] Courts look to several factors to determine whether a work environment is objectively hostile, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[21]

Here, Plaintiff alleges that her supervisor made three comments based on her sex, including one isolated comment of a sexual nature. Plaintiff does not provide details as to the frequency of the comments, whether they were made in front of fellow employees, or whether these comments or other actions interfered with her work performance. Although Plaintiff need not provide all these details, she must provide some facts to raise her right to relief above the speculative level.[22] Without more, Plaintiff's allegations of three isolated statements, only one of which was overtly sexual, are insufficient to give rise to a hostile work environment claim.[23]

---

[20] *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 650 (10th Cir. 2013) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66–67 (1986)).

[21] *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1243 (10th Cir. 2001) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)).

[22] *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("While '[s]pecific facts are not necessary,' . . . some facts are.")).

[23] *See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1366 (10th Cir. 1997) (holding that five separate incidents, including verbal and physical harassment, were insufficient to create a hostile work environment); *see also White v. Midwest Office Tech., Inc.*, 5 F. Supp. 2d 936, 948–49 (D. Kan. 1998) (granting summary judgment on sexual harassment claim because three comments, all of which were overtly sexual in nature, were not sufficiently severe to create a hostile work environment).

### C. Sex Discrimination Claim

The Court also finds that Plaintiff's Complaint is deficient as to her sex discrimination claim. Here, Plaintiff does not point to direct evidence of sex discrimination. Therefore, the Court views her claim through the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[24] Under this framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination.[25] If the plaintiff establishes a prima facie case, the burden shifts back to the defendant to produce a legitimate, nondiscriminatory reason for its actions.[26] If the defendant meets this burden, the plaintiff must either show that her "race, age, gender, or other illegal consideration was a determinative factor in the defendant's employment decision, or show that the defendant's explanation for its action was merely pretext.'"[27]

In *Khalik v. United Air Lines*, the Tenth Circuit discussed the pleading requirements under *Twombly*/*Iqbal* in the context of a Title VII retaliation claim.[28] The court explained that a plaintiff is not required to "set forth a prima facie case for each element," but "is required to set forth plausible claims."[29] Applying this standard, the court dismissed the plaintiff's claim for

---

[24] *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1142 (10th Cir. 2009) (considering claim of sex discrimination under *McDonnell Douglas* framework because plaintiff had not presented direct evidence of sex discrimination).

[25] *Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

[26] *Id.*

[27] *Id.* (quoting *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002)).

[28] *Khalik*, 671 F.3d at 1190–94.

[29] *Id.* at 1193.

failing to allege retaliation.[30]  The court discussed how the plaintiff could have successfully met the pleading requirements for her Title VII claim:

> While we do not mandate the pleading of any specific facts in particular, there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement.  For instance, Plaintiff should know when she requested FMLA leave and for what purpose.  She should know who she requested leave from and who denied her.  She should know generally when she complained about not receiving leave and when she was terminated.  She should know details about how Defendant treated her compared to other non-Arabic or non-Muslim employees.  She should know the reasons Defendant gave her for termination and why in her belief those reasons were pretextual.  She should know who grabbed her by the arm, what the context for that action was, and when it occurred.  She should know why she believed that action was connected with discriminatory animus. She should know who she complained to about the discrimination, when she complained, and what the response was. She should know who criticized her work, what that criticism was, and how she responded.  But in fact, Plaintiff offers none of this detail . . . Without more, her claims are not plausible under the *Twombly*/*Iqbal* standard.[31]

Here, the sole allegation relating to Plaintiff's sex discrimination claim is that "Plaintiff was treated differently than similarly situated male employees when she was unfairly disciplined and terminated for alleged offenses."[32]  Plaintiff does not allege when or how she was unfairly disciplined.  Nor does she provide details as to the nature of the alleged offenses she was charged with, when she was charged with these offenses, whether she objected to these charges, or why she believed these offenses were pretextual.  Plaintiff also does not allege who the similarly situated male employees were, or how she was treated differently than them.  As in *Khalik*, Plaintiff's sex discrimination claim is not plausible under the *Twombly*/*Iqbal* standard.

---

[30] *Id.* at 1194.

[31] *Id.*

[32] Doc. 1, ¶ 27.  Plaintiff also makes the statement that she "would not have been terminated but for her gender."  This statement is conclusory, and therefore the Court disregards it.  *Khalik*, 671 F.3d at 1191.

### IV.    Conclusion

Based on the findings discussed above, the Court grants Defendant's motion to dismiss Plaintiff's Title VII claims, without prejudice. Given the nature of the deficiencies, however, the Court grants Plaintiff leave to file an amended complaint (Doc. 11) that should clearly and specifically remedy the issues addressed in this Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 9) is **granted** without prejudice; Plaintiff is granted leave to amend her Complaint within twenty one (21) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: <u>November 10, 2015</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE